IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Damon Turnage, | ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) No. 16-cv- ) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) *(jury demand)* ) ) ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff Damon Turnage, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133 and 29 U.S.C. §794a(a)(2).

2. Plaintiff Damon Turnage is an inmate at the Cook County Jail assigned jail number 2015-0929005.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is the entity responsible for the healthcare of inmates at

the Jail. Defendant Cook County is also a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County have received federal funds since at least 2011.

6. Since childhood plaintiff Turnage has suffered from epilepsy. This condition causes plaintiff Turnage to suffer frequent seizures. Plaintiff's condition substantially interferes with his ability to sleep.

7. Plaintiff was processed into the Cook County Jail on or about April 9, 2016. At this time, plaintiff informed defendants that he suffers from epilepsy, a condition that substantially interferes with his ability to sleep.

8. During intake, a medical person employed by defendant Cook County determined that plaintiff had a "seizure disorder," required an accommodation to sleep due to this disorder, and entered two alerts in the Jail's computer system that plaintiff had a "seizure disorder" and required a "lower bunk."

9. For the first portion of this incarceration, plaintiff was assigned to Division 10. For most of this time, plaintiff was required to sleep on a top bunk despite an active order to be assigned to a lower bunk.

10. Plaintiff complained to the correctional and medical staff that, because of his disability that substantially interfered with his ability to sleep, he required a lower bunk so that he would not fall when he had a seizure.

11. While plaintiff was assigned to Division 10, 1-A, cell 12, from May 4, 2016 to May 6, 2016, plaintiff again complained to the correctional and medical staff of his need to be assigned to a lower bunk due to his disability. Nobody took any action to reassign plaintiff to a lower bunk.

12. On May 5, 2016, plaintiff suffered a seizure while situated on his top bunk. Plaintiff fell to the floor and suffered serious personal injuries. After some time, plaintiff was transferred to the Jail's emergency room for treatment.

13. Plaintiff filed at least two grievances regarding the Jail's failure to honor his bottom bunk order for his disability.

14. Plaintiff appealed one grievance on September 10, 2016 complaining that he continued to be assigned to a top bunk and suffered seizures despite several written complaints to the Sheriff and County. An employee of Cook County responded to this appeal on September 28 and noted that plaintiff had an active order for a lower bunk and that it was a "DOC issue."

15. Plaintiff returned to Division 10, tier 2-A, on August 30, 2016 and continued to experience the same hardship because defendants refused to provide plaintiff a lower bunk. Plaintiff again complained to the correctional and medical staff about his disability and that he required a lower bunk. Defendants failed to take any action to accommodate plaintiff's disability.

16. On September 21, 2016 at approximately 3:00 p.m. plaintiff suffered a seizure while situated on his top bunk. Plaintiff fell to the floor and fractured his ankle.

17. At all times relevant, there was sufficient space at the Cook County Jail to provide plaintiff a lower bunk.

18. Defendants turned a blind eye to the above described discrimination and caused plaintiff to suffer serious personal injuries.

19. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

        /s/ <u>Patrick W. Morrissey</u>
           ARDC No. 6309730
           Thomas G. Morrissey
           Thomas G. Morrissey, Ltd.
           10150 S. Western Ave., Ste. Rear
           Chicago, Illinois 60643
           (773) 233-7900

           *Attorneys for Plaintiff*