IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DAMON TURNAGE,<br><br>             Plaintiff,<br><br>v.<br><br>THOMAS DART, et al.,<br><br>             Defendants. | Case No. 16-cv-11672<br><br>Judge Charles R. Norgle |

## ORDER

Defendant Thomas Dart's motion for summary judgment [62] is granted. Defendant Cook County's motion for summary judgment [65] is granted. The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

## STATEMENT

      Plaintiff Damon Turnage, an inmate at the Cook County Jail, brings this action pursuant to the Americans With Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). Defendants Thomas Dart and Cook County have separately moved for summary judgment. Each Defendant argues that Plaintiff has failed to properly administratively exhaust his claims and thus the case should be dismissed. The Court agrees that Plaintiff has not complied with the requirements of the Prisoner's Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and thus grants Defendants' motions for summary judgment.

      The relevant facts are as follows. Plaintiff has epilepsy and suffers from frequent seizures. Plaintiff was processed into the Cook County Jail on April 9, 2016, and he reported this medical condition to jail medical staff. The staff provided medication to attempt to address the epilepsy and also entered an order that Plaintiff only be assigned to bottom bunks.

      From May 4, 2016 to May 6, 2016, Plaintiff was housed with another inmate who also had a bottom bunk medical order. On May 5, 2016, Plaintiff suffered a seizure and fell from the top bunk. He was treated in an emergency room for his injuries, which included a head injury. Plaintiff filed a grievance with the jail on May 7, 2016. That grievance complained that he had been placed in a cell with another inmate who also had a bottom bunk permit and that he had fallen from his bed during a seizure and injured his head because of the fall. Plaintiff received a response to that grievance but did not file an appeal.

      On August 8, 2016, Plaintiff filed a grievance in which he complained of falling off of the top bunk of his cell following a seizure in May and requested to see a doctor due to migraine

headaches. He received a response to that grievance and appealed the response. In the appeal, on September 10, 2016, Plaintiff wrote that he "was still on the top bunk."

On August 30, 2016, Plaintiff was moved to another division in the jail. In that new cell, Plaintiff testified that he slept on the top bunk even though he had the low bunk permit because his cellmate told him that he also had a low bunk permit and the cellmate had been there first. On September 21, 2016, Plaintiff suffered another seizure and fell from the top bunk, breaking his ankle.

On September 26, 2016, Plaintiff filed a grievance complaining, in part, that on September 21, 2016 "I had a seizure, during the seizure I fell from the top bunk and broke my ankle because of the fall. I have a low bunk permit but my cellmate did not want to give me the bottom bunk and the officer did not enforce the permit…"

With respect to the grievance procedures in place in the jail, the grievance form itself includes the explicit instruction that the griever is required to file a grievance "within 15 days of the event he/she is grieving," and that "[t]o exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response[.]"

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). "On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The Court must view "the record in the light most favorable to the nonmovant and [avoid] the temptation to decide which party's version of the facts is more likely true." Id. Finally, "to survive summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case." Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 702 (7th Cir. 2009).

The Prison Litigation Reform Act (PLRA) exhaustion requirement requires proper exhaustion. Woodford v. Ngo, U.S.2006, 126 S. Ct. 2378, 548 U.S. 81, 165 L.Ed.2d 368. Exhaustion of administrative remedies, pursuant to the PLRA, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong. Porter v. Nussle, U.S.2002, 122 S. Ct. 983, 534 U.S. 516, 152 L.Ed.2d 12.

The PLRA requires a prisoner to properly exhaust his administrative remedies before filing an action concerning prison conditions. *See* 42 U.S.C. § 1997e(a). Specifically, the PLRA states that no action shall be brought by a prisoner confined in any correctional facility with respect to prison conditions under section 1983 of this title, or any other Federal statutory law, including the claims brought under the ADA and RA, until such administrative remedies as are available are exhausted. Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008) (citing 42 U.S.C. § 1997e(a)); Porter, 534 U.S. at 532 (2002) (the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong). Failure to exhaust is an affirmative defense that a defendant has the burden of proving. King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

2

In the present case, each Defendant argues that Plaintiff has failed to properly exhaust his claims, and thus this case should be dismissed. There are two distinct events which have given rise to this case—first, the May 5, 2016 seizure, and second, the September 21, 2016 seizure. Because different factual circumstances relate to the administrative exhaustion of each, the Court will address each separately and in turn.

Turning first to the May 5, 2016 seizure, the parties agree that Plaintiff filed a timely grievance on May 7, 2016. However, it is undisputed that Plaintiff, once he received a response, did not appeal the response. As noted above, "[t]o exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response[.]"

Because no appeal was made, this May 7, 2016 grievance was insufficient to exhaust any claim arising out of or related to the first fall. The statutory scheme necessitating exhaustion, coupled with the strict implementation as articulated by the Seventh Circuit, require this result. Plaintiff's August 8, 2016 grievance fares no better. In that grievance, Plaintiff complains only of injuries lingering from the earlier fall. Only in the appeal paperwork does Plaintiff reference his complaint about being assigned to the top bunk. Moreover, the appealed August 8 grievance was not timely within the 15-day grievance period.

Turning to the September 21, 2016 seizure, it is undisputed that Plaintiff had resided in his new cell starting on August 30, 2016. Defendant argues that Plaintiff did not file any grievance in relation to the new cell until September 27, 2016, despite his knowledge upon moving in that his cellmate was refusing to allow him to sleep on the lower bunk. Defendants argue that they were not put on notice of the need to address Plaintiff's complaint related to his cellmate refusing to give up bottom bunk because Plaintiff did not file a grievance within 15 days of the problem arising.

The Court agrees with Defendants in this respect. Plaintiff failed to file a grievance within 15 days of being placed in the new cell with a cellmate that refused to honor Plaintiff's bottom bunk pass. This deprived the prison of the opportunity to remedy the situation. Because Plaintiff did not file a grievance related to this issue within 15 days of the problem arising, Plaintiff failed to administratively exhaust this claim as well.

Thus, as to both claims, Plaintiff has not met the PLRA's procedural requirements. As such, this case is dismissed. Because of the nature of this dismissal, however, this dismissal is effectively one with prejudice and is a final and appealable order. As such, the Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

NOV 0 2 2020
DATE: ~~October~~ 2, 2020
NOV 0 2 2020

3